**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARREN WITHERSPOON, : | |
| a/k/a DARREN KIRKLAND, : | |
| : | Civil Action No. 06-28 (RBK) |
| Plaintiff, : | |
| : | |
| v. : | **OPINION** |
| : | |
| TROOPER C. SCOTT, : | |
| Badge #6119, et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES:**

    DARREN WITHERSPOON, a/k/a DARREN KIRKLAND, Plaintiff pro se
    # 155263
    Camden County Correctional Facility
    P.O. Box 90431
    Camden, New Jersey 08102

**KUGLER**, District Judge

Plaintiff Darren Witherspoon, a/k/a Darren Kirkland, a state pre-trial detainee currently confined at the Camden County Correctional Facility in Camden, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the current absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

## I. BACKGROUND

In his Complaint, plaintiff alleges that defendant State Troopers, C. Scott, W. Stolinski, and John Doe, arrested plaintiff on a false warrant and used excessive force to accomplish the arrest. Specifically, plaintiff states that defendant Scott pulled a gun on him while plaintiff was sitting on his porch. Plaintiff also claims that defendants Scott and Stolinski threatened to beat plaintiff's wife and children with batons and flashlights when plaintiff's family came out of the house. There are no allegations of physical touching or injuries as a result of the troopers' purported threats.

Plaintiff was arrested on drug charges. He claims the warrant was defective because the officers lied. Plaintiff seeks immediate release from jail, to be paid $50,000 in compensatory damages for pain and suffering, and in restitution for each day he is incarcerated. He also seeks to recover money damages for his wife and children.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower

---

[1] Plaintiff should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  It does not appear that plaintiff has incurred any strikes at this time.

3

Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or

4

inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  Here, there is no question that the named defendants, state police officers with New Jersey State Police, are state actors.

## IV. ANALYSIS

It appears from the Complaint that plaintiff is alleging a claim of false arrest, and possibly use of excessive force in violation of the Fourth Amendment.

### A. False Arrest Claim

It is well established in the Third Circuit that an arrest without probable cause is a constitutional violation actionable under § 1983. See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures). To state a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). Thus, a defense to an unlawful arrest claim is that the police officer defendants acted with probable cause. Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir. 1997)(a key element of a § 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause); Groman, 47 F.3d at 636 ("an arrest based on probable cause could not become the source of a [§ 1983] claim for false imprisonment"). To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the

circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." Lind v. Schmid, 67 N.J. 255, 262 (1975).[2] "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (*quoting* Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).[3]

    Here, plaintiff admits that he was arrested by defendants pursuant to an arrest warrant issued on drug charges. He merely disputes the veracity of the warrant, alleging that the officers lied. It also appears from the Complaint that plaintiff is indicted and is in ongoing state criminal proceedings. Thus,

---

[2] A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest. See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989). In this instance, Holness' arrest occurred on June 17, 2004; therefore, a § 1983 claim for false arrest accrued on that date, making this action timely.

[3] A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. Gatter v. Zappile, 67 F. Supp. 2d 515, 519 (E.D.Pa. 1999), aff'd, 225 F.3d 648 (3d Cir. 2000).

under these facts, probable cause for the arrest by warrant is demonstrated and this claim for false arrest must be dismissed for failure to state a claim.

To the extent that plaintiff is asserting that the factual basis for the arrest warrant is untrue, he must first raise this defense in his ongoing state criminal proceedings. It does not appear that plaintiff has been convicted of the crimes for which he was indicted. Thus, his criminal charges remain pending in state court, and he must raise any constitutional challenges asserted here in his criminal case. A federal court will not now intercede to consider issues that plaintiff has an opportunity to raise before the state court. See Younger v. Harris, 401 U.S. 37 (1971). It is not generally the role of the federal courts to interfere in pending state criminal cases. The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992)

(citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)). In this case, it is clear that state proceedings implicating important state interests are ongoing, and that plaintiff has an opportunity to raise his claims in a hearing during that proceeding. Therefore, because plaintiff has not yet been convicted, this Court is constrained by Younger to dismiss the Complaint in its entirety, without prejudice, as against the defendants for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

B.  Claim for Immediate Release Not Cognizable in § 1983 Action

Plaintiff also seeks his immediate release from jail based on his claim of false arrest. In this regard, plaintiff's request for relief is not cognizable under § 1983, but instead, should be raised in a habeas proceeding.

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. 411 U.S. at 476. The prisoners did not

seek compensatory damages for the loss of their credits. 411 U.S. at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

Accordingly, plaintiff's claim for immediate release is dismissed without prejudice.

C.  Excessive Force Claim

Finally, it would appear that plaintiff may be alleging a claim of excessive force against the defendants with respect to his arrest. Claims of excessive force during arrests, investigatory stops and other seizures are governed by the Fourth Amendment. See Graham v. Conner, 490 U.S. 386 (1989). "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999). See also Graham v. Connor, 490 U.S. at 396-97 (force used to effect an arrest must be reasonable, and reasonableness is measured by "careful attention to the facts and circumstances of each particular case . . .").

Here, plaintiff alleges that the defendants had their guns drawn and threatened to beat his family if they interfered with

the arrest.  Plaintiff admits that the officers had a warrant, although he contends that the factual basis for the warrant is untrue.  No one was injured or harmed during the arrest.  There are no allegations of physical harm.  Given these facts as asserted by plaintiff, it appears that the allegations of the Complaint are not sufficient to withstand dismissal at this time. There is simply no factual indication of any harm to anyone or that the defendants may have intentionally harmed plaintiff without apparent provocation for the very purpose of causing harm.  Accordingly, this Fourth Amendment claim of excessive force will be dismissed for failure to state a claim.

### V.    CONCLUSION

For the reasons set forth above, the Complaint must be dismissed in its entirety, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order follows.

```
                                    s/Robert B. Kugler
                                    ROBERT B. KUGLER
                                    United States District Judge
```

Dated: May 19, 2006